UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 15-215 |
| ROGELIO MONTANO | SECTION "N" (4) |

## **ORDER AND REASONS**

Before the Court is the "Government's Motion for Revocation of the Magistrate Court's Release Order" (Rec. Doc. 40), seeking review of the Magistrate's order fixing bond for Defendant Rogelio Montano pending trial in this matter. The motion is opposed by Montano (Rec. Doc. 47).

On September 10, 2015, Defendants Rogelio Montano and Oziel Martinez were charged in a Superseding Indictment for violations of the Federal Controlled Substances Act, specifically 21 U.S.C. § 841(a)(1); 21 U.S.C. § 841(b)(1)(A); 21 U.S.C. § (b)(1)(B); 21 U.S.C. § 841(b)(1)(c); 21 U.S.C. § 846; and 18 U.S.C. § 2. The Grand Jury charged both defendants in Counts 1 and 2 in the Superseding Indictment with conspiring to distribute and to possess with intent to distribute 50 grams or more of methamphetamine, a Schedule II drug controlled substance, and knowingly and intentionally distributing five grams or more of methamphetamine, a Schedule II drug controlled substance, respectively. Counts 3, 4 and 5 are directed against Defendant Montano, alleging that on three separate dates (February 14, 2015, February 28, 2015 and March 12, 2015), he did

1

knowingly and intentionally distribute a quantity of methamphetamine. Counts 4 and 5 allege that the amount distributed by Defendant Montano was 50 grams or more of methamphetamine. The Superseding Indictment also contains a notice of drug forfeiture against both defendants.

On November 19, 2015, Defendant Montano appeared before the Magistrate Judge for purposes of considering bond pending trial. The government opposed release under any set of restrictions. At that hearing, the Magistrate Judge released the defendant, with the following pertinent restrictions:[1]

1. Restriction of travel to surrounding counties neighboring Houston, TX and the Eastern District of Louisiana;
2. Parents designated as Third Party custodians;
3. Job waiting for him at Papi's or at Craftman at request in Cypress, Texas;
4. Surrendered Passport; and
5. Mother's personal surety.

The Government immediately moved to stay the Magistrate Judge's Order, which the undersigned granted, upon fixing a hearing on the current motion at 10:00 a.m. on Tuesday, November 24, 2015. At the hearing, the Court heard testimony and took evidence (described below herein) and took the matter under advisement. The Court rules as follows.

Pursuant to 18 U.S.C. § 3142(g), the Court considers the following factors in determining whether there are conditions of release that will reasonably assure the appearance of the defendant, as well as the safety of other persons and the community:

---

[1] In addition, several other standard restrictions apply to the Release Order.

(1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive or destructive device;

(2) the weight of the evidence against the person;

(3) the history and characteristics of the person, including –

(A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

(B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. In considering the conditions of release described in subsection (c)(1)(B)(xi) or (c)(1)(B)(xii) of this section, the judicial officer may upon his own motion, or shall upon the motion of the Government, conduct an inquiry into the source of the property to be designated for potential forfeiture or offered as collateral to secure a bond, and shall decline to accept the designation, or the use as collateral, of property that, because of its source, will not reasonably assure the appearance of the person as required.

Under the Bail Reform Act, the existence of probable cause to believe that the defendant committed a crime in violation of 21 U.S.C. § 801, *et seq.*, creates a rebuttable presumption that no conditions of release exist that would reasonably assure the appearance of the person as required and the safety of the community. 18 U.S.C. § 3142(e). The Fifth Circuit has previously held that when the defendant has presented considerable evidence of his longstanding ties to the locality in which he faces trial, the presumption of flight has been rebutted. *United States v. Jackson,* 845 F.2d 1262, 1266 (5th Cir. 1988). The Fifth Circuit has also held, however, that the risk of continued narcotics

trafficking on bail does constitute a risk to the community.  *Hare*, 873 F.2d at 798 (citing *United States v. Hawkins*, 617 F.2d 59 (5th Cir.), *cert. denied*, 449 U.S. 952, 101 S.C. 355, 66 L.Ed.2d 215 (1980)).  For pretrial detention to be imposed on a defendant, the lack of reasonable assurance of either the defendant's appearance, or the safety of others or the community, is sufficient; both are not required.  *Hare*, 873 F.2d at 799; *Fortna*, 769 F.2d at 249.  See *United States v. Rueben*, 974 F.2d 580 (5th Cir. 1992).

The Court took the testimony of Mr. Rodney Gamer, employed by the City of Hammond but also a member of the DEA Task Force operating in that geographic area, and U.S. Probation Officer Timothy Gantner, who along with Probation Officer Timothy Lamy worked on gathering evidence for the United States Eastern District of Louisiana Probation Office regarding this defendant.  In addition, the Court has reviewed

the evidence and testimony presented at the November 24, 2015 detention hearing before the Magistrate Judge, as recounted by defense counsel in his memorandum filed in opposition to the government's motion.[2]

Based upon the record evidence in this matter, and the applicable law, the Court **GRANTS** the Government's Motion to Revoke the Magistrate Judge's release order, and **ORDERS** that Defendant Rogelio Montano be held without bail pending trial.  The Court notes specifically the strong evidence that the defendant participated in four controlled buys of high grade "high purity"

---

[2] The testimony adduced before the Magistrate Judge is neither here nor there with regard to the flight risk posed by the defendant's ties with Mexico. While interim employment may be available to the defendant, and his parents willing to provide housing, evidence and testimony to that effect does little to alleviate the Court's concerns.

methamphetamine from Mexico, as reflected in Counts 2 through 5 of the Superseding Indictment. The Court further notes that the defendant is facing a minimum period of incarceration of 10 years to life, and that the offenses charged are particularly serious narcotics offenses which have been a plague on this community. Of further concern is the apparent testimony of co-defendant Martinez, who was recently debriefed by Agent Gamer, and whose anticipated testimony is reflected in Agent Gamer's testimony. That testimony indicates considerable weight of the evidence against the defendant herein, and that the nature and circumstances of the offenses charged are indeed significant. Although the defendant points to family ties and employment opportunities both here in the Eastern District of Louisiana and in the Houston, Texas area, it can equally be said that the defendant has the same with regard to his activities in Mexico, where he frequently traveled.[3]

The Court further notes, and weighs heavily, the recommendations of both the U. S. Probation Office in the Eastern District of Louisiana,[4] as well as that in the Southern District of Texas (Brownsville)[5], stating forthrightly that the defendant should be held in detention "since there is no condition or combination of conditions that can reasonably assure the defendant's appearance before this Court and/or the safety of the community." Moreover, testimony from Agent Gamer

---

[3] Between the dates of January 3, 2014 and September 28, 2015, the evidence indicates that the defendant traveled to Mexico and back some 27 times, although Agent Gamer could not testify that the defendant transported narcotics on any particular of those trips. (*See* Rec. Doc. 40-3 at p.1).

[4] The Eastern District of Louisiana U.S. Probation Report is dated October 27, 2015.

[5] The Southern District of Texas U. S. Probation Report is dated September 30, 2015.

suggests that the Government has recently obtained information regarding potential adverse contact with the family of the co-defendant herein, and that one of the employment opportunities cited by Defendant Montano at a restaurant in Covington, Louisiana known as "Papi's Fajita Factory" is, in actuality, a location where certain illegitimate cash proceeds related to this case were deposited, although neither defendant nor anyone else has been charged with money laundering. Both probation officers found there to be a legitimate risk of flight given the defendant's history of connections to Mexico, as well as continued drug related activities, which pose a danger to the community.

In short, the evidentiary support for the Government's position is clear and convincing, and the presumption of detention has not been sufficiently rebutted, for this Court to set any particular bond conditions facilitating the release of the defendant pending trial. Importantly, the Court further notes that the pre-trial conference in this matter is set for December 17, 2015, and trial is set to commence on January 4, 2016. Both dates are in the very near future, such that detention of the defendant for the additional weeks at issue is not for a lengthy period of time, and the hardship of detention is relatively minor compared to the risks articulated. In the opinion of the undersigned, prudence dictates that the government's motion be granted, the Magistrate Judge's Release Order be revoked and the defendant be detained pending trial.

New Orleans, Louisiana, this 24th day of November 2015.

_____
**KURT D. ENGELHARDT**
**United States District Judge**